UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNETTE L. DOUGLAS,<br><br>　　　　　Petitioner,<br><br>v.<br><br>WILLIAM JOE SULLIVAN,<br><br>　　　　　Respondent. | Case No.: 18cv2604-WQH-MDD<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[ECF No. 11]** |

This Report and Recommendation is submitted to United States District Judge William Q. Hayes pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c) of the United States District Court for the Southern District of California.

The Court, having reviewed the Petition for Writ of Habeas Corpus ("Petition") (ECF No. 1), Motion to Dismiss (ECF No. 11), and all the supporting documents and lodgments submitted by the parties,

1

18-cv-2604-WQH-MDD

hereby **RECOMMENDS** that Respondent's Motion to Dismiss be **GRANTED** and the Petition be **DISMISSED WITH PREJUDICE**.

## I. PROCEDURAL HISTORY

**A. Federal Proceedings**

On November 13, 2018, Bennette L. Douglas ("Petitioner"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF Nos. 1, 5.) Petitioner contends that: (1) the trial court committed instructional error; (2) the prosecutor misstated the law relating to specific intent and voluntary manslaughter; (3) the prosecutor committed misconduct by equating defense counsel's role to that of Sisyphus; and (4) the trial court improperly denied Petitioner's motion for a new trial for failing to redact portions of a transcript. (ECF No. 1 at 2-3.)

On February 11, 2019, Respondent William Joe Sullivan ("Respondent") filed a Motion to Dismiss contending Petitioner's claims are time-barred by the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (Lodgment No. 1, ECF No. 11-1 at 2-4.) Respondent further contends that Petitioner is not entitled to statutory or equitable tolling of AEDPA's statute of limitations. (*Id.*) Petitioner's opposition was due on March 11, 2019. (ECF No. 6.) As of the date of this Order, Petitioner has not filed an opposition.

**B. State Proceedings**

On June 8, 2005, Petitioner was convicted of two counts of first-degree murder with a multiple victim special circumstance and is

currently serving two consecutive terms of life without possibility of parole. (ECF No. 1 at 1-2.) Petitioner appealed to the California Court of Appeal on the same grounds raised in this Petition. (*Id.* at 2-3.) On August 16, 2006, the state appellate court denied the appeal and affirmed the judgment. (Lodgment No. 2, ECF No. 12-2 at 1-2.)

On September 22, 2006, Petitioner appealed to the California Supreme Court and asserted the same claims presented to the appellate court. (ECF No. 1 at 2-3.) On November 29, 2006, the California Supreme Court denied the appeal without citation to authority. (Lodgment No. 3, ECF No. 12-3.)

## II. DISCUSSION

**A. Statute of Limitation**

AEDPA sets a one-year statute of limitations for all 28 U.S.C. § 2254 habeas corpus petitions initiated by state prisoners after April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Petitioner filed his Petition in November 2018.

The applicable statute of limitations is set forth in 28 U.S.C. § 2244(d)(1) and provides that the one-year limitation period begins from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State Action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right

3

has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The statute further provides that the limitation period will be tolled during the time in "which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2).

Petitioner does not allege any facts to suggest a start date other than the date his conviction became final should be applied for statute of limitations purposes. After reviewing the record, the Court finds no basis to apply a different date. *See* 28 U.S.C. § 2244(d)(1)(A)-(D). Thus, the statutory period of limitation began to run at the conclusion of direct review when the conviction became final. 28 U.S.C. § 2244(d)(1)(A); *see Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). The period of direct review in 28 U.S.C. § 2244(d)(1)(A) includes the ninety-day period within which a petitioner can file a petition for a writ of certiorari regardless of whether the petitioner seeks such review. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). "AEDPA's one-year statute of limitations begins to run on the date the ninety day period . . . expires." *Id.* at 1159 (citing U.S.C.S. Supreme Ct. R. 13).

The California Supreme Court denied Petitioner's petition for direct review on November 29, 2006. (Lodgment No. 3, ECF No. 12-3.) Petitioner then had ninety days, or until February 27, 2007, to file a writ of certiorari with the United States Supreme Court. *Bowen*, 188

4

F.3d at 1159. Petitioner did not file a writ of certiorari and his conviction became final on February 27, 2007. *Id.* Thus, AEDPA's statute of limitations began to run on February 27, 2007.

Petitioner then had one year, or until February 27, 2008, to timely file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1). Petitioner did not file this Petition until November 13, 2018, more than ten years after AEDPA's statute of limitations expired. Absent tolling, this Petition is untimely.

**1. Statutory Tolling**

As discussed above, Petitioner filed this Petition in November 2018, more than ten years after AEDPA's statute of limitations expired. It does not appear that Petitioner filed any post-conviction or collateral petition during that time which would entitle Petitioner to statutory tolling after his direct appeals became final. *See* 28 U.S.C. § 2244(d)(2). Petitioner is therefore not entitled to statutory tolling.

**2. Equitable Tolling**

Even though Petitioner is not entitled to statutory tolling, the Petition can survive this Motion to Dismiss if Petitioner is entitled to equitable tolling. AEDPA's statutory period can be equitably tolled only when extraordinary circumstances are shown. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstances beyond his control stood in the way and prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

In his Petition, Petitioner makes no showing or allegation that he took any action to diligently pursue his legal interests in the more than ten years between his conviction becoming final and the date he filed this Petition. Nor does he allege any circumstances outside of his control prevented timely filing of this Petition. Petitioner had the opportunity to file an opposition in this action to offer evidence of equitable tolling but did not do so. The Court's review of the record found nothing to indicate that Petitioner is entitled to equitable tolling. Because Petitioner has not shown he diligently pursued his legal interests or that some extraordinary circumstance occurred that prevented timely filing, he has not met his burden and is not entitled to equitable tolling.

Accordingly, this Court **RECOMMENDS** that Respondent's Motion to Dismiss the Petition be **GRANTED** and that Petitioner's Petition for Writ of Habeas Corpus be **DISMISSED** with prejudice and without leave to amend.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Court issue an Order: (1) Approving and Adopting this Report and Recommendation; (2) that Respondent's Motion to Dismiss be **GRANTED**; and (3) Directing that judgment be entered dismissing the Petition with prejudice.

**IT IS HEREBY ORDERED** that any written objections to this Report must be filed with the Court and served on all parties no later

than **April 29, 2019**. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objection shall be filed with the Court and served on all parties no later than **May 10, 2019**. The parties are advised that the failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

Date:   April 5, 2019

Hon. Mitchell D. Dembin
United States Magistrate Judge